Hitchcock, J.
The object of the plaintiff in these cases, docs not appear to be merely to revive judgments against the heirs of a deceased judgment creditor, but to revive the judgment, and then have execution against the lands descended, but which are not remaining in the possession of the heirs. Whether this course of proceeding can be sustained, is at least doubtful. Such suits have been brought, and the cases are reported in the Ohio Reports. But I think I am not mistaken in saying, that no one of them has been prosecuted to effect, unless where the property was still in the heir, and bound by the lien of the judgment. Whether the judgments in the cases now under consideration were dormant, at the death of the judgment debtor, does not appear from the pleadings, as the date of his death is not stated. But it is argued by plaintiff’s counsel, that, whether dormant or not, they were still a lien or a charge upon the estate, because, when a person dies, his estate descends to his heirs, subject to all outstanding claims against him. This is unquestionably true; but the estate is no more bound or incumbered' by a judgment, than by any other debt, • with this exception, that the judgment, being a lien upon land, must, if the lands are sold, as they may be, by the personal representative, be paid in preference to other debts.
This remedy is certainly an extraordinary one; and such remedies ought not to be resorted to where provision is made, by statutory enactment, for the payment of a decedent’s debts. The usual, the ordinary course of proceeding, as prescribed by express legislative enactment, should be pursued. There was formerly some difficulty in reaching the lands of a judgment debtor, after his decease, or to subject his lands, where the judgment was recovered against his personal, representatives. But the law now makes ample, provision for the' appropriation of a decedent’s estate, both real and personal, to the payment of debts, through the instrumentality of the probate powers of the Courts of Common Pleas, ‘ The personal property must first be exhausted, and, if this is not-sufficient,.the real estate may be applied.
*312 In the cases now under consideration, the plaintiff complains, that no letters of administration were taken upon decedent’s estate. True, it is the duty, and the privilege, of the near relations of a deceased person to administer upon his estate. But if they neglect the performance of this duty, creditors are not without remedy; for the law expressly provides that, in such case, a creditor may take administration. It would certainly have been better in the present case had this course been pursued.
But admitting, for present purposes, that these suits are well brought, the question arises as to the sufficiency of the pleas of the defendant, Swallow. The first of these pleas is not sufficiently specific in its terms, but to the second, no objection on this account can be made, nor is any made in argument. The question presented by the plea, is not, whether a sale made by heirs, of land descended1 before the settlement of the estate, would so withdraw it from the power of the administrator, that it could not be appropriated for the payment of debts; but whether a purchaser from heirs, the purchase being made at a time when there is no subsisting lien upon the land, can be protected against a suit, brought by a judgment creditor, whose judgment was dormant at the time of the purchase — the object of the suit being, not merely to revive the judgment, but to subject the land to sale for its satisfaction?
In the case of Norton v. Beaver, 5 Ohio Rep. 178, this Court held, that a purchase made while a judgment was dormant, would be protected, and that, although the judgment may be subsequently revived, and when so revived, operates as a lien from the rendition of the original judgment; still, rights acquired in the intermediate time, are not affected by the revival. Although the revival of the judgment revives the lien, which operates retrospectively, still it operates only upon lands remaining in the possession of the judgment debtor — not upon those which have by him been sold and conveyed. To apply the principle to the case under consideration; suppose the land in controversy had been conveyed by Isaiah Hutchinson, in his *313 lifetime, the purchaser would have taken a title unincumbered by any lien. Can it maké any difference, that the conveyance was made by his heirs ? To the Court, it seems not. Whether the conveyance was made within five years after the rendition of' the judgment does not appear, nor is it material. In the case cited, the conveyance was madé within five years ; but the judgment afterwards became dormant, and the Court held the title of the purchaser to be complete. In the cases now before the Court, whether the judgments were dormant or not at the time of the sales, they are how dormant. At the time these suits were instituted, fifteen years had transpired from the rendition of these judgments, and duripg that time no execution had been issued. Without determining whether an administrator duly appointed could, or could not, resort to this land for the payment of the debts of the intestate, the Court are of opinion that the second plea demurred to is a sufficient plea in bar of this form of action.
Leave is given to the plaintiff to withdraw the demurrer and file a replication.